## JOSIAH ROBERTS v. THE MOBILE AND OHIO RAILROAD COMPANY.

1. CONTRACT.—By a contract of subscription for stock in a railroad company, it was stipulated that two per cent. should be payable at the time of subscription, and three per cent. in three months thereafter, and the remainder when called for by the president and directors; it was also provided in the contract that the first two named sums should not be called for until the 1st March, 1853. *Held*, 1st, that the two and three per cent. instalments were due and payable on the 1st of March, 1853; and 2nd, that the remainder was payable at the discretion of the company, thereafter, according to the terms of the contract.

2. CORPORATION: POWER TO MAKE CONDITIONAL CONTRACT FOR PAYMENT OF STOCK: EFFECT OF CONDITION.—A railroad company which, by its charter, is expressly authorized to collect subscriptions to its capital stock from the subscribers, by instalments, as the president and directors may see proper, may make valid contracts for the payment of stock, subject to conditions as to the calls for the instalments; and if it were otherwise, the whole contract would be void, and not merely the condition as to the payment.

3. CONTRACT: CONDITIONAL: CONSTRUCTION OF.—The defendant subscribed for several shares of the capital stock of the Mobile and Ohio Railroad Co., payable " when requisite for the payment of contractors for the construction of the road, in such instalments as may be called and required by the president and directors of said company, from time to time, the same to be expended in Itawamba county, upon the local work of said road." *Held*, that the president and directors were not vested with a discretion to make calls for the payment of the stock until it became necessary to pay contractors for work done in Itawamba county.

IN error from the Circuit Court of Itawamba county. Hon. P. T. Scruggs, judge.

One of the contracts of subscription on which the suit was brought is as follows:

" We, the undersigned do, by these presents, subscribe for the num-

ber of shares of the capital stock of the Mobile and Ohio Railroad Company, set opposite our names, respectively hereunder written; and we do further agree that we will severally pay to the president and directors of said company, the several amounts of said subscription of stock, and for said shares by us subscribed, that is to say, the sum of one hundred dollars for each share of stock by us subscribed, payable two dollars per share at the time of subscribing, and three dollars per share in three months from the date of subscription, the remainder when requisite for the payment of the contractors for the construction of said road, in such instalments as may be called and required by the president and directors of said company, from time to time; the amount thus subscribed to be expended upon the road in Itawamba county, or any surplus therefrom in Tishomingo county, the two and three per cent. not to be called for until the 1st March, 1853.

| No. | Names. | No. of shares. |
|-----|--------|----------------|
| 9.  | Josiah Roberts. | Ten." |

The other contract was in substance the same.

The declaration averred the making of the contracts of subscription, and setting them out in *hæc verba*, and that the plaintiff had made the calls for stock sued for, and the defendant had failed to pay.

The demurrer of defendant being overruled, he pleaded, and upon issue being taken thereon, verdict and judgment were rendered for the plaintiff. The defendant sued out this writ of error.

*W. F. Dowd*, for plaintiff in error.

*Bullard* and *Beene*, on same side.

*H. R. Miller*, for defendant in error.

HANDY, J., delivered the opinion of the court.

This action was brought by the defendant in error to recover the amount of certain instalments of stock in the defendant's company, for which the plaintiff in error had subscribed.

The declaration states in substance, that before the first day of

June, 1853, the defendant below became a subscriber for twenty shares of the capital stock of the company, and sets out the subscription writing, which is without date, and which shows in the body of it that two dollars per share were payable at the time of subscribing, and three dollars per share in three months from the date of the subscription; but at the conclusion, and immediately preceding the signature of the subscriber, it is stated that the two and three per cent. are not to be called for before the 1st March, 1853. The writing further states, "that the remainder is to be paid when requisite for payment of the contractors for the construction of the road, in such instalments as may be called and required by the president and directors of said company, from time to time, the same to be expended in Itawamba county, upon the local work of the road." A second subscription, to the same purport, appears to have been made, and both documents are set out in the declaration. It is there averred that the president and directors have "called and required that twenty per cent. on the amount of subscription for stock north of Chickasaw and Monroe counties, should be paid on the 1st June, 1853, ten per cent. 1st September, 1853, and twenty-five per cent. 1st January, 1854;" and that the defendant resides north of the line specified, and is included in the call; and the action is brought to recover these instalments.

The defendant demurred, assigning sundry grounds of demurrer. The court overruled the demurrer, and the correctness of that decision is the question now presented for consideration.

Of the various grounds of demurrer assigned below, but two are here insisted upon, and these we will proceed to examine.

The first objection is, that the contract of subscription is without date; and as by its terms, the three per cent. was to be paid in three months from the date of the subscription, it could not be ascertained, from the writing, when that sum became due, nor when the other instalments, which were to be paid after that, were to be required.

The declaration avers that the subscription was made "before the 1st June, 1853," without specifying any date; and that the several instalments sued for were called for in June, September, and January, following. But the subscription paper set out in the

declaration, states that the three per cent. was not to be called for until the 1st March, 1853, which shows conclusively that the contract was entered into prior to that date. Even if the three per cent. instalment was sued for in this action, it is clear that it might have been demanded on the 1st March, 1853; and so far as this objection goes, the company might have required the payment of the subsequent instalments at the respective times when the calls were made.

It is insisted that the statements of the contract of subscription are inconsistent as to the time of payment of the two and three per cent. instalments, in first stating that the two per cent. is to be paid at the time of subscription, and the three per cent. in three months from that date, and in the conclusion, that these sums were not to be called for until 1st March, 1853; and it is said that the terms of payment first stated must prevail, and not the latter. But this is immaterial. The first two instalments are not sued for here, and the question is, not when they were due, but when the subsequent instalments were demandable. And there can be no question but that the former were payable on the 1st March, 1853, and that the latter were payable thereafter, at the discretion of the company, according to the terms of the contract.

This brings us to consider the second objection taken to the declaration, which is, that the contract stipulates that the remainder "(after the payment of the two and three per cent. instalments, and which embraces the sums sued for) should be paid," when requisite for the payment of the contractors for the "construction of the road, in such instalments as may be called and required by the president and directors of said company, from time to time," the amount to be expended in Itawamba county, &c.; and, therefore, that it was necessary to aver that these instalments *were requisite for the payment of contractors for the construction of the road* in Itawamba county, or in Tishomingo county, that being a condition precedent to the collection of the instalments.

It is manifest from the terms of the contract, that the agreement was not, that the defendant should pay the instalments for the general use of the company, or absolutely, upon the requisition of the president and directors; he was bound to pay only

"when it should be requisite for the payment of the contractors for the construction of the road" in Itawamba county, &c. This contingency or condition is pointedly expressed in the contract; and it must be presumed to have been done advisedly and according to the understanding of the parties. And it is immaterial that the company had the right by their charter to call for instalments of stock at such times and in such amounts as they might think proper. They also had the right to make contracts for the payment of stock, subject to conditions as to the calls for instalments; and if they had not, this contract is without legal authority and invalid, which will scarcely be contended for in behalf of the company. The right to call for payment of instalments of stock under the general power of the charter, would give them no power to make such calls at times or for purposes in contravention of their positive agreement entered into between them and subscribers at the time of subscribing, and incorporated into the written contract. If so, the calls might have been made before any contract was made by the company for the construction of the road in the localities specified in the contract, and for the general use of the road at other points than those specified.

It is true that, by the terms of the contract, the president and directors had the right to call for the payment of such instalments, and at such times as they thought proper, in furtherance of the object of the subscription. But this power was subject to the condition that the instalments should be requisite to pay contractors for the construction of the road at the points stated.

Considering this a condition precedent to the liability of the defendant to pay the instalments sued for, the declaration was insufficient in not stating that the contingency, as stated in the contract, had occurred.

On this ground, the judgment is reversed, the demurrer sustained, and the cause remanded for further proceedings.

A petition for a re-argument was filed, but overruled.